# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7938 | **DATE** | 4/14/2004 |
| **CASE TITLE** | Constantino vs. Morningstar Inc, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing held and continued to 6/16/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion and order, defendants' Rule 12(b)(6) motion to dismiss Counts III and V of the complaint is denied. Enter Memorandum Opinion and Order. Defendants to file an answer on Counts 3 and 5 by 5/5/04. Parties are to exchange Rule 26(a)(1) disclosures by 5/12/04.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | 4-15-04 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | 6-1. docketing deputy initials | 10 |
| | Copy to judge/magistrate judge. | | | |
| MF courtroom deputy's initials | | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY CONSTANTINO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03 C 7938 |
| v. ) | |
| ) | Judge John W. Darrah |
| MORNINGSTAR, INC., ) | |
| LIZ KIRSCHER, DAN WARYCK, and ) | |
| JOSEPH MANSUETO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Anthony Constantino, filed suit against Defendants, Morningstar, Inc., Liz Kirscher, Dan Waryck, and Joseph Mansueto, alleging violations of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq., and common law causes of action, including breach of contract, tortious interference with contract, fraud, wrongful termination of employment, and promissory estoppel. Presently pending before the Court is Defendants' Motion to Dismiss Counts III (fraud) and V (tortious interference) of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## LEGAL STANDARD

In reviewing a motion to dismiss, the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (*Marshall-Mosby*). A plaintiff is not required to plead the facts or the elements of a claim, with the exceptions found in Federal Rule of Civil Procedure 9. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 511 (2002); *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). A filing under Federal Rules of Civil Procedure need not contain all the facts that will be necessary to prevail. It should be "short and

plain," and it suffices if it notifies the defendant of the principal events. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003). Dismissal is warranted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The simplified notice pleading relies upon liberal discovery and summary judgment motions to define disputed issues and facts and to dispose of unmeritorious claims. *Swierkiewicz*, 534 U.S. at 513.

## BACKGROUND

A reading of the Plaintiff's Complaint supports the following summary of the alleged operative conduct of the parties.

Morningstar is an Illinois corporation; Joseph Mansueto is the president. In January 2000, Morningstar offered Plaintiff a position as Reprints Coordinator, with a straight hourly wage. In late 2000, Morningstar assigned Plaintiff all selling responsibilities for the Reprints unit, as well as his duties as Reprints Coordinator. Morningstar, through Plaintiff's supervisor, offered Plaintiff a base salary and commissions. The supervisor explained that the commissions would be paid quarterly and would be based on sales ordered by Morningstar customers versus completed sales. In 2001, Plaintiff's supervisor advised Plaintiff that he would only receive a commission on a sale when the customer paid Morningstar. In late 2001, Plaintiff's new supervisor, Dan Waryck, told Plaintiff his compensation package would be the same as it had been in 2001, with commissions being paid quarterly; but now commissions would again be based on the sales ordered. Morningstar provided Plaintiff with a copy of the 2002 Incentive Plan, which included a commission structure providing for a 1% commission on sales between 0 and $150,000 and 4% for sales over $150,000. Plaintiff agreed to and accepted the modifications to his pay plan and commission structure. Later in 2002,

2

Waryck told Plaintiff that he would receive 75% of his commissions earned for the first quarter, 90% for the second quarter, 110% for the third quarter, and 125% for the fourth quarter. Plaintiff relied on Waryck's assurances that Morningstar would pay his commissions in accordance with this schedule and accepted the modifications. After receiving 75% of his earned first quarter commissions, Morningstar failed to pay him 90% of his earned second quarter commissions. In late August 2002, Waryck told Plaintiff that the compensation and commission structure would not be honored; and Morningstar would pay Plaintiff his commission if the entire unit met its production goal. Morningstar paid Plaintiff $2,000, which was below the amount Plaintiff agreed to and expected he would receive. Plaintiff wrote to Morningstar demanding that Morningstar abide by its representations, promises and agreement. On or about November 6, 2002, Morningstar terminated Plaintiff's employment. Morningstar failed to pay commissions that were earned and owed to the Plaintiff at the time of the termination.

Plaintiff asserts that the conduct of Morningstar, through its agents Kirscher and Waryck, constitutes fraud because it made material representations to Plaintiff which it was aware were false at the time or were made recklessly without knowledge of the truth and which were intended to induce Plaintiff to rely thereon, which he did to his detriment. Further, Plaintiff asserts that Mansueto tortiously interfered with his contract without justification by directing Morningstar to withhold payments to Plaintiff.

## ANALYSIS

Defendants argue that Plaintiff's fraud and tortious interference claims must be dismissed because Plaintiff failed to plead material allegations sufficient to withstand a motion to dismiss.

Defendants first argue that the tortious interference claim must be dismissed because it fails

3

to allege that Mansueto interfered with a contractual relationship with a third party. To establish a claim for tortious interference with contractual relationship, a plaintiff must prove: (1) the existence of a valid contract with some other party; (2) the defendant's knowledge of the contract; (3) an intentional and unjustified interference by the defendant that induced or caused a breach of the contract; and (4) damage to the plaintiff resulting from the interference. *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998). However there is an exception to the third-party requirement -- where a corporate officer, supervisor or co-worker maliciously misuses his or her powers to cause a discharge, the officer, supervisor or co-worker may be held liable for tortious interference. *Otterbacher v. Northwestern University*, 838 F. Supp. 1256, 1260 (N.D. Ill. 1993); *Mustafa v. Illinois Dept. of Public Aid*, 1997 WL 194980 (N.D. ILL. 1997).

In *Mustafa*, the plaintiff alleged that her supervisor and a fellow employee tortiously interfered with her reasonable expectation of being promoted and caused the termination of her employment. *Mustafa*, 1997 WL 194980, at *2. The defendants moved to dismiss the tortious interference count for failure to state a claim because the supervisor and employee were agents of the employer and could not have interfered with the employer's relationship with Mustafa. *Mustafa*, 1997 WL 194980, at *5. The court found that " an individual who knowingly and intentionally communicates false information to another employee in an effort to terminate a co-worker can be held liable for tortious interference with contractual relations and/or prospective economic advantage." *Mustafa*, 1997 WL 194980, at *5.

Here, Plaintiff has asserted that Mansueto, as a corporate officer, tortiously, maliciously, and with conscious indifference interfered with the Plaintiff's contract with Morningstar, his employer. Plaintiff has properly alleged a claim for tortious interference by a corporate officer with his

4

employment contract. Plaintiff's Complaint satisfies the liberal pleading requirements of the Federal Rules of Civil Procedure; and, therefore, Defendants' Motion to Dismiss Count V of Plaintiff's Complaint is denied.

Regarding the Count III fraud claim, Defendants first assert that the fraud claim should be dismissed because it alleges the same operative conduct for its contract claim as it does for the fraud claim. However, a Plaintiff is allowed to plead both breach of contract and fraud when the fraud was perpetrated to induce a Plaintiff to enter a contract that was subsequently breached. *Byczek v. The Boelter Companies, Inc.*, 264 F. Supp. 2d 720, 723 (N.D. Ill. 2003). In *Byczek*, the court denied a motion to dismiss when claims of fraud and breach of contract were asserted against the same party in the same complaint. *Byczek*, 264 F. Supp. 2d at 723. The defendant in *Byczek* misrepresented his company's financial condition to the plaintiff; and based on this misrepresentation, plaintiff entered into a contractual relationship with the defendant. *Byczek*, 264 F. Supp. 2d at 722. The court allowed the plaintiff's fraud claim because the plaintiff alleged that the defendant made fraudulent misrepresentations about the financial status of his company in order to induce plaintiff to enter into the contract in the first place. *Byczek*, 264 F. Supp. 2d at 723.

In the instant case, Plaintiff sufficiently pleads that the Defendants' misrepresentations induced him to enter into an employment agreement and to continue employment with Morningstar. Therefore, Plaintiff can bring both a claim for fraud and for breach of contract.

Next, the Defendants argue that the fraud claim does not meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. To survive a motion to dismiss a fraud claim, Plaintiff must plead the following elements: (1) that Defendant made a false statement of material fact, (2) known or believed to be false by the party making it, (3) with intent to induce the other party

to act, (4) action by the other party in reliance on the truth of the statement, and (5) damage to the other party resulting from such reliance. *Blair v. Supportkids, Inc.*, 222 F. Supp.2d 1038, 1042 (N.D. Ill. 2002). Federal Rule of Civil Procedure 9(b) requires that in any averment of fraud, the plaintiff must allege the circumstances of fraud with particularity, although the malice, intent, knowledge, and other mental condition may be averred generally. Fed. R. Civ. P. 9(b). A complaint satisfies Rule 9(b) when it asserts the "who, what, where, and when of the alleged fraud." *Circle Group Internet, Inc. v. Fleishman-Hillard, Inc.*, 231 F.Supp 801, 803 (N.D. Ill. 2002).

The Plaintiff sufficiently alleged each element of the fraud and supplied the "who, what, where, and when" of the alleged fraud. Plaintiff, therefore, satisfies Rule 9(b) and has pled fraud with particularity.

Therefore, the Defendants' Motion to Dismiss Count III of Plaintiff's Complaint is denied.

## CONCLUSION

For the foregoing reasons, Defendants' Rule 12(b)(6) Motion to Dismiss Counts III and V of the Complaint is denied.

Dated: April 14, 2004

JOHN W. DARRAH
United States District Judge

6